IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD EDWARD HOFF,

    Plaintiff,

    vs.          No. CIV 02-262 LH/LFG-ACE

SHARON ARMIJO, Clerk of the County of
Catron, New Mexico, and BOARD OF
COUNTY COMMISSIONERS OF
CATRON COUNTY,

    Defendants,[1]

UNITED STATES OF AMERICA,

    Intervenor.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on United States of America's Motion for Summary Judgment (Docket No. 19), filed June 26, 2002. The Court, having considered the briefs submitted by the parties, and otherwise being fully advised, finds that the United States' motion is well-taken and should be **granted.**

Plaintiff originally filed this action against the County Clerk of Catron County, New Mexico, in state court, seeking a declaration striking a federal tax lien from the county records because the Notice of federal tax lien allegedly did not comply with state statutory requirements.[2] The United

---

[1] In an Order dated June 12, 2002 (Docket No. 18), this Court granted Plaintiff's Countermotion [sic] to Defendants' Motion to Dismiss, both filed in state court before removal. The Court granted Plaintiff's petition to join the Board of County Commissioners of Catron County as defendants. The style of the case is changed accordingly.

[2] Plaintiff argues that N.M. STAT. ANN. §48-1-2 (1995) requires that notices of tax liens must be certified. N.M. STAT. ANN. §48-1-2 is the New Mexico version of the Uniform Federal Lien Registration Act ("UFLRA"), which courts in other jurisdictions have determined does not impose a certification requirement on federal tax liens.

States intervened and removed the case to this Court. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1340.

The United States has moved for summary judgment, arguing that Plaintiff presents no factual disputes and that his case fails, as a matter of law, under the Internal Revenue Code, federal regulations, and the Supremacy Clause. (United States of America's Motion for Summary Judgment and Brief at *3-5). Plaintiff responds that he does not dispute any facts, acknowledges that he cannot present a good faith argument in opposition to the United States' position, and consents to entry of judgment. (Reply [sic] to United States of America's Motion for Summary Judgment and Brief).

Plaintiff's consent to entry of judgment notwithstanding, summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Plaintiff does not dispute that the Notice at issue in this case was filed on an IRS Form 668, or that that form contains the taxpayer's name, identifies the tax liability giving rise to the lien and indicates the date the tax was assessed. (*Id*.; United States of America's Motion for Summary Judgment and Brief, Exhibit A).

Under the Supremacy Clause, Congress regulates the creation of federal tax liens and the requirements for the filing of notice of such liens. *United States v. Union Central Life Ins. Co.*, 368 U.S. 291, 293-94 (1961). Title 26 U.S.C. §6323(f)(3) (2002) states:

> The form and content of the notice [of federal tax lien] shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of the notice of lien.

Additionally, Treasury regulations have determined that a notice that identifies the taxpayer, the tax liability giving rise to the lien, and the assessment date creates a valid tax lien, "regardless of the method used to file the notice of Federal tax lien." 26 C.F.R. §301.6323(f)-1(d)(1&2). The Court

concludes that the IRS Form 668 recorded in this case complied with the federal regulation. Any lack of compliance with state notice statutes does not affect the Notice's validity, and the tax lien should not be stricken from the records of the Clerk of Catron County.

**IT IS, THEREFORE, ORDERED** that the United States of America's Motion for Summary Judgment is **granted,** and this case is **dismissed with prejudice.** In accordance with Federal Rule of Civil Procedure 58, a Final Judgment will be filed contemporaneously with this order.

                                                                            */s/ LeRoy Hansen*
                                                **UNITED STATES DISTRICT JUDGE**